IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | : | |
|---|---|---|
| RECKO ELLIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| SANTA DEES, | : | NO. 7:07-CV-94 (HL) |
| Defendant | : | |

Plaintiff **RECKO ELLIS** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint (Tab # 5).

## *I. FRIVOLITY STANDARD*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing

one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

## II. BACKGROUND

Plaintiff names as his sole defendant in this action "Santa Dees," a "security guard/officer of the law" at Hardees restaurant. Although this Court directed plaintiff to further elaborate on Santa Dees' employer, plaintiff failed to do so. Plaintiff alleges that on September 26, 2007,[1] while plaintiff was working at Hardees, Dees allegedly touched plaintiff in a sexual manner and falsely imprisoned plaintiff in a small office for three hours.

Plaintiff files this action seeking $2,000,000 in compensatory damages and $1,000,000 in punitive damages.

## III. DISCUSSION

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.* With regard to the second element, courts have explained that "[o]nly in rare circumstances can a private party [such as Santa Dees] be viewed as a 'state actor' for section 1983 purposes." ***Harvey v. Harvey***, 949 F.2d 1127, 1130 (11th Cir. 1992).

The Eleventh Circuit Court of Appeals has explained that a private party may be held liable

---

[1] Presumably plaintiff means September 26, 2006. The only relevance of the date is whether plaintiff's claim is barred by the statute of limitations, which this Court need not decide because it is dismissing this case on other grounds.

as a state actor under section 1983 only if one the following conditions are met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Despite this Court's specific inquiry as to Dees' employer, plaintiff has failed to allege that Dees was employed by the State. Moreover, plaintiff has failed to meet any of the conditions for holding a private party liable as a state actor. Specifically, in relation to the "State compulsion test," plaintiff has not alleged in any manner how the State mandated or encouraged Santa Dees to assault and detain plaintiff. Nor is there any suggestion that Dees performed any public function that is within the prerogative of the state. Finally, there is no allegation of any relationship between Dees and the Valdosta police or sheriff's departments. The fact that plaintiff describes Dees as a "security officer/officer of the law" does not turn private conduct into state action.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 14th day of August, 2007.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr